1   Peter Strojnik,
2   2375 East Camelback Road Suite 600
    Phoenix, Arizona 85016
3   Telephone:  (602) 524-6602
    ps@strojnik.com
4   *pro se*





5

6

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

7

8   Peter Strojnik (Sr.),

9                                  Plaintiff,

10

11                          vs.

12

13  574 Escuela, LLC dba Monte Cristo Inn B
    & B

14

15                              Defendant.

Case No: 1:18-cv-1520-LJO-EPG

**VERIFIED COMPLAINT**

1. **Americans with Disabilities Act**
2. **Discrimination in Public Accommodations (State Law)**
3. **Negligence**

**JURY TRIAL REQUESTED**

16

17  1.  Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42

18      U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department

19      of Justice Standards for Accessible Design ("ADA"), (2)  California Unruh Civil

20      Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled

21      Persons Act ("DPA") and (4) common law of negligence per se.

## PARTIES

22

23  2.  Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and

        DPA.

24

25  3.  Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is

26      and, at all times relevant hereto has been, legally disabled by virtue of a severe right-

27      sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer

28

1   and renal cancer, degenerative right knee and is therefore a member of a protected
2   class under the ADA and Unruh.

3   4. Plaintiff suffers from physical impairments described above which impairments
4   substantially limit his major life activities.  Plaintiff walks with difficulty and pain
5   and requires compliant mobility accessible features at places of public
6   accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic
7   ranging from dull and numbing pain to extreme and excruciating agony.

8   5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at
9   600 Presidio Ave, San Francisco, California which is a public accommodation
10  pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

**JURISDICTION**

11  6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§
12  28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

13  7. Plaintiff brings this action as a private attorney general who has been personally
14  subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28
15  CFR §36.501.

16  8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,*
17  Plaintiff's claim for equitable nominal damages.

18  9. Venue is proper pursuant to 28 U.S.C. § 1391.

19  10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs
20  mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn,
21  constitutes discrimination satisfying the "injury in fact" requirement of Article III of
22  the United States Constitution.

23  11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the
24  Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's
25  disability.

26  12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's
27  noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled
28  individual who intends to return to a noncompliant facility suffers an imminent injury
    from the facility's existing or imminently threatened noncompliance with the ADA, a

plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

13. Plaintiff realleges all allegations heretofore set forth.

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit the San Francisco Area and therefore, reviewed vacation booking websites as documented in Addendum A.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

20. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

21. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

22. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

23. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

24. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

25. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel and did no travel to San Francisco.

26. The removal of accessibility barriers listed above is readily achievable.

27. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A. Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

28. Plaintiff realleges all allegations heretofore set forth.

29. Plaintiff intended to visit the San Francisco area and spend several nights there.

30. Plaintiff became aware that 3rd party booking websites disclosed general availability and description of Defendant's Hotel. 3rd Party booking website referenced here is more fully discussed in Addendum A which is by this reference incorporated herein.

31. 3rd party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

32. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

33. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

34. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

35. Plaintiff subsequently declined to book a room at the Hotel.

36. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

37. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

38. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

39. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

40. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

1
2

## COUNT TWO
### (Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)

3   41. Plaintiff realleges all allegations heretofore set forth.

4   42. Defendant has violated the DPA by denying Plaintiff equal access to its public
5       accommodation on the basis of his disability as outlined above.

6   43. The DPA provides for monetary relief to "aggrieved persons" who suffer from
7       discrimination on the basis of their disability.

8   44. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

9   45. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court
10      considers appropriate, including monetary damages in an amount to be proven at trial,
11      but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

12  46. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial.
13      Cal. Civ. Code § 54.3.

14      WHEREFORE, Plaintiff demands judgment against Defendant as follows:

15      a.  A Declaratory Judgment that at the commencement of this action Defendant was
16          in violation of the specific requirements of Unruh; and

17      b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if
18          applicable, a permanent injunction pursuant to Unruh which directs Defendant to
19          take all steps necessary to bring its facilities into full compliance with the
20          requirements set forth in the Unruh, and its implementing regulations, so that the
21          facilities are fully accessible to, and independently usable by, disabled individuals
22          as required by law, and which further directs that the Court shall retain jurisdiction
23          for a period to be determined after Defendant certifies that its facilities are fully in
24          compliance with the relevant requirements of the Unruh to ensure that Defendant
25          has adopted and is following an institutional policy that will in fact cause
26          Defendant to remain fully in compliance with the law; and

27
28

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
Negligence

47. Plaintiff realleges all allegations heretofore set forth.

48. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

49. Defendant breached this duty.

50. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

51. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

52. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

53. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

54. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

55. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

56. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

57. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

58. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

59. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

60. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

61. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

62. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

---

[3] 42 U.S.C. §12101(a)(5)
[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

63. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

64. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

65. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

66. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and/or belief.

RESPECTFULLY SUBMITTED this 23RD day of October, 2018.

**PETER STROJNIK**

Plaintiff

1

**ADDENDUM A**

2

3

## ADA VIOLATIONS
## 3RD PARTY BOOKING WEBSITE - EXPEDIA.COM

**Monte Cristo Inn** ★★★

4.6/5 Wonderful!
(225 reviews)
We have 4 left at

San Francisco

🍴 Breakfast Included

~~$277~~ $241

1-866-264-5744

nightly price

✓ Free Cancellation

 Earn 2x Expedia Rewards points

✓ Reserve now, pay when you stay

**Monte Cristo Inn**
600 Presidio Avenue, San Francisco, CA 94115
📍 Very good location
97% of guests were happy with the hotel's location
46 guests said the neighborhood was safe

**Bed & Breakfast Amenities**

**Bed & Breakfast Amenities**

- Express check-in
- Newspapers in lobby (surcharge)
- Business center
- Express check-out
- Total number of rooms - 15
- Number of floors - 2

- Luggage storage
- Concierge services
- Free breakfast
- Year Built 1875
- Television in common areas
- Free WiFi

Show all bed and breakfast amenities

**Internet**
Available in all rooms: Free WiFi, Free wired Internet

Available in some public areas: Free WiFi, Free wired Internet

**Room Amenities**
- Soundproofed rooms
- Free local calls
- Private bathroom
- Hair dryer
- Cable TV service
- Free WiFi

- Phone
- Daily housekeeping
- Free toiletries
- Ironing board
- Flat-panel TV
- Free wired Internet

Show all room amenities

**Where to Eat**
A complimentary continental breakfast is served each morning between 7:30 AM and 10:30 AM.

**Nearby Things to Do**
- Golfing nearby

**Bed & Breakfast Policies**

**Check-in**
Check-in time starts at 3 PM

Check-in time ends at 7 PM

Special check-in instructions
There is no front desk at this property. To make arrangements for check-in please contact the property at least 24 hours before arrival using the information on the booking confirmation. An adult age 18 or older must assume all liability for the booking.
24-hour airport shuttle service is available. Contact the property in advance to make arrangements.
Guests arriving after 7 PM should contact the property via email to receive key codes and arrange check-in. Contact information can be found on the confirmation received after booking.

**Check-out**
Check-out time is 11 AM

**Payment types**

   VISA

**Children and extra beds**
- Children are welcome
- Rollaway/extra beds are not available
- Cribs (infant beds) are available for USD 25.00 per stay

**Pets**
- Pets not allowed

**You need to know**
Extra-person charges may apply and vary depending on property policy.
Show all policies

Information missing or incorrect? Tell us!

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs



**ADA Deficiency:** Non-compliant space.

ADA Deficiency: Non-compliant toilet, tub and sink.



ADA Deficiency: Non-compliant toilet and tub.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



ADA Deficiency: Non-compliant toilet and sink and maneuvering space.

ADA Deficiency: Non-compliant tub.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



ADA Deficiency: Non-compliant tab and toilet.

ADA Deficiency: Non-compliant toilet and sink. Reflecting surface appears too high.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**ADA Deficiency:** Non-compliant tub, toilet, space and sink. Reflecting surfce appears too high.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**ADA Deficiency:** Non-compliant accessible route – step.



**ADA Deficiency:** Non-compliant accessible route – step.



**ADA Deficiency:** Non-compliant accessible route – step.

1ST PARTY BOOKING WEBSITE
www.bedandbreakfastsf.com



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

1
2
3
4
5
6
7
8
9
10
11
12
13
14

## California King Room

One California King Bed, cable television, en-suite bathroom, elegant antiques, a writing desk, alabaster chandelier and hardwood floors with a Persian rug. Located on street level or upstairs. supremely comfortable Cal King bed for a restful night's sleep. Enjoy a newly remodeled private marble bathroom en-suite with a European-styled rain shower over a full tub, towel warmer, and a Japanese style heated toilet seat with bidet.

15
16
17

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

18
19
20
21
22
23
24
25
26
27
28

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petite Queen Room

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

Furnished Two bedroom Condo
Starting at 250 per night

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs



Comstock - Cal King - Street Level

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

1
2
3
4
5
6
7
8
9
10
11
12
13

## Mayfair- Cal King - Upstairs

A handsome deluxe king room freshly redecorated with period wallpaper of powder blue damask. This room features elegant antiques, a writing desk, alabaster chandelier and hardwood floors with a Persian rug. Located upstairs with a supremely comfortable Cal King bed for a restful night's sleep. Enjoy a newly remodeled private marble bathroom en-suite with walk-in shower, towel warmer, and heated toilet seat with bidet.

Supremely Comfortable Cal King Bed
Complimentary Breakfast
Private Marble Bathroom with walk-in shower
Toto Washlet and Bidet
Towel Warmer
Hairdryer Iron and Board
iPhone Alarm Clock and Charger
47" LCD TV with Netflix and Cable
Complimentary Local Phone Calls
Complimentary Wifi Internet

14
15

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

16

## Comstock - Cal King - Upstairs

17
18
19
20
21
22
23
24

Supremely Comfortable Cal King Bed
Complimentary Breakfast
Private Marble Bathroom with walk-in shower
Toto Washlet and Bidet
Towel Warmer
Hairdryer, Iron and Board

25
26

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

27
28

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

Petite Queen - Gothic - Upstairs



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

Monte Cristo Inn Petite Queen - Versailles Street Level

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

Petite Queen - Eastlake - Street Level

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

1
2
3
4
5
6
7
8
9
10
11
12
13
14

### Tiny - Broderick - Street Level



**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

### Comstock - Cal King - Street Level

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ADA Deficiency:** Failure to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs

3ʳᵈ PARTY PHOTOS – GOOGLE.COM/MAPS – OYSTER.COM – ETC.



**ADA Deficiency:** Non-compliant security latch height.



**ADA Deficiency:** Non-compliant route with no signage to accessible route. Improperly configured handrails.



**ADA Deficiency:** Non-compliant accessible route.

**ADA Deficiency:** Non-compliant accesible route.

**ADA Deficiency:** Non-compliant accesible route.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**ADA Deficiency:** Non-compliant tub.



**ADA Deficiency:** Non-compliant space around bed.



**ADA Deficiency:**  Non-compliant bathroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**ADA Deficiency:** Non-compliant bathroom.



**ADA Deficiency:** Non-compliant bathroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17 **ADA Deficiency:** Non-compliant bathroom.

18
19
20
21
22



23 **ADA Deficiency:** Non-compliant toilet.

24
25
26
27
28



1

**ADA Deficiency:** Non-compliant tub.



**ADA Deficiency:** Non-compliant reading lounge.

**END**