1  Philip H. Stillman, Esq. SBN# 152861
   STILLMAN & ASSOCIATES
2  3015 North Bay Road, Suite B
   Miami Beach, Florida 33140
3  Tel. and Fax:  (888) 235-4279
   pstillman@stillmanassociates.com
4
   Attorneys for defendant 574 ESCUELA, LLC.
5

6          UNITED STATES DISTRICT COURT FOR THE

7            NORTHERN DISTRICT OF CALIFORNIA

8                                    Case No. 18-cv-06777-JD
9  PETER STROJNIK,                )
                                   )
10              Plaintiff,         )  **MEMORANDUM OF POINTS AND**
         vs.                      )  **AUTHORITIES IN SUPPORT OF**
11                                 )  **DEFENDANT'S MOTION TO DISMISS**
                                   )  **FIRST AMENDED COMPLAINT**
12 574 ESCUELA, LLC DBA MONTE CRISTO )  **PURSUANT TO FED. R. CIV. P.**
   INN B&B                        )  **12(B)(1) AND (6)**
13                                 )
                Defendant.         )
14 _____)  Date:  May 9, 2019
                                      Courtroom: 11
15                                    Time: 10 a.m.

16                                    Hon. James Donato

17                                    Complaint filed: November 2, 2018
18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

3    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

5    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6        I.    STROJNIK LACKS STANDING OR FAILS TO STATE A CLAIM UNDER
7                THE ADA FOR ALLEGED WEBSITE ACCESSIBILITY . . . . . . . . . . . . . . 2

8             A.    Strojnik Cannot Show An Injury In Fact. . . . . . . . . . . . . . . . . . . . . . 2

9                  1.    Strojnik Encountered No Barrier To The Use Of Defendant's
                         Facilities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

10                 2.    Defendant's Website Is Not A Public Accommodation. . . . . . . 3

11                 3.    The DOJ Has Opined That The Regulations Only Require A
                         "Place Of Public Accommodation" To Provide Reasonable
12                       Alternatives. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13            B.    There Is No Causal Connection Between Any Alleged "Injury" And
                   Defendant's Conduct. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14

15       II.   STROJNIK LACKS STANDING PURSUANT TO CALIFORNIA'S UNRUH
                 ACT TO BRING HIS SECOND AND THRID CAUSES OF ACTION . . . . . 6

16            A.    The Unruh Act Does Not Apply To Alleged Discrimination Suffered By
                  Parties Outside California. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

17

18            B.    Strojnik Never Was Denied Lodging. . . . . . . . . . . . . . . . . . . . . . . . . 7

19            C.    Strojnik's Second Of Action Fails To State A Claim. . . . . . . . . . . . . 8

20       III.  STROJNIK DOES NOT HAVE A SEPARATE CLAIM UNDER THE
                 UNRUH ACT FOR THE IDENTICAL CONDUCT THAT IS THE BASIS OF
21               STROJNIK'S DISABLED PERSONS ACT CLAIM. . . . . . . . . . . . . . . . . 9

22       IV.  STROJNIK DOES NOT HAVE STANDING TO ASSERT CLAIMS UNDER
                 THE ADA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

23            A.    Standing Requirements Under The ADA For Any Claims. . . . . . . . . 10

24            B.    Strojnik Does Not Allege An "Imminent Injury." . . . . . . . . . . . . . . 10

25            C.    Strojnik Fails To Establish That He Personally Suffered An "Injury In
                  Fact." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26

27       V.   PLAINTIFF'S NEGLIGENCE CLAIM SHOULD BE DISMISSED FOR
                 FAILING TO STATE A CLAIM OR FOR LACK OF SUPPLEMENTAL
28               JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A.      There Is No Viable Negligence Claim. . . . . . . . . . . . . . . . . . . . . . . . . . .  14

B.      Negligence Cannot Be Based On The ADA. . . . . . . . . . . . . . . . . . . . . .  14

C.      Plaintiff's Request For Punitive Damages Should Be Stricken.. . . . . . .  15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

# TABLE OF AUTHORITIES

<u>Cases</u>

*Access Now, Inc. v. Sw. Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) . . . . . 4

*Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213, 1223 (D. Ariz. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

*Anderson v. Macy's Inc.*, 2012 U.S. Dist. LEXIS 108569 at *4 (W.D. Pa. Aug. 2, 2012) . . 3

*Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010) . . 3

*Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997). . . . . . . . . . 5

*Brooke v. Capitol Regency LLC*, 2017 U.S. Dist. LEXIS 75428 (E.D.Cal. May 17, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at pp. 7-8 (S.D. Cal. May 5, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Brooke v. DS Hospitality, LLC,* Case No. 16-cv-06750-VC (N.D.Cal. Dec. 15, 2016) . . . 11

*Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) . . . 2, 10

*Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at 9 n.3 (C.D. Cal. Apr. 29, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brooke v. Pacific Gateway Ltd.*, 2017 U.S. Dist. LEXIS 70957 (S.D. Cal. May 9, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brooke v. Peterson*, 185 F. Supp. 3d 1203, 1209-10 (C.D. Cal. 2016). . . . . . . . . . . . . 6, 13

*Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at 3 (N.D. Cal. Jan. 19, 2018) . . 11

*Brooke v. The Irvine Company, LLC,* 2016 U.S. Dist. LEXIS 194454 (C.D. Cal. Oct. 7, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) . . . . . . . . . . . . . . . 2

*Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). . . . . . . . . . . . . . . 2, 3

*Christensen v. Harris Cnty.*, 529 U.S. 576, 587, 120 S. Ct. 1655, 1663 (2000). . . . . . . . . . 5

*Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). . . . . . . . . . . . . . . . . . 3

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 3

*D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) . . . . . 12

*Gomez v. Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457, *12-13 (S.D. Fla. Feb. 2, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Gorecki v. Dave & Buster's, Inc.*, 2017 U.S. Dist. LEXIS 187208, at *14 (C.D. Cal. Oct. 10,

2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Haynes v. Genesco, Inc.*, 2018 U.S. Dist. LEXIS 5939, at *5 (S.D. Fla. Jan. 11, 2018) . . . 4

*Jancik v. Redbox Automated Retail, LLC*, 2014 U.S. Dist. LEXIS 67223, at 21-22 (C.D. Cal. May 14, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jankey v. Lee*, 55 Cal.4th 1038, 1045, 150 Cal. Rptr. 3d 191, 290 P.3d 187 (2012) . . . . . 10

*Konkol v. Oakwood Worldwide Local, LLC*, 2015 U.S. Dist. LEXIS 67, at *12-13 (C.D. Cal. Jan. 2, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Krusi v. Bear, Stearns & Co.,* 144 Cal.App.3d 664, 679 (1983) . . . . . . . . . . . . . . . . . . . 15

*Lee v. Bank of Am.*, 218 Cal. App. 3d 914, 920 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Loving v. Princess Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 130477(C.D. Cal. Mar. 5, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Monaghan v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900, at *26 (E.D. Cal. Feb. 6, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Moore v. Greyhound Bus Lines, Inc.*, 2018 U.S. Dist. LEXIS 114661, at 4 (S.D. Cal. July 10, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ouellette v. Viacom*, 2011 U.S. Dist. LEXIS 52570 at *4-5 (D. Mont. Mar. 31, 2011) . . . 3

*Rendon v. Valleycrest Prods., Inc.*, 294 F.3d 1279, 1283-84 (11th Cir. 2002) . . . . . . . . . . 3

*Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1224 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014) . . . . . . . . . . . . . 8

*Salazar v. Eastin,* 9 Cal.4th 836, 857 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995) . . . . . . . . 15

*Schelb v. Stein* 190 Cal.App.4th 1440, 1448 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). . . . . . 3

*Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944). . . . . . . . 5

*Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). . . 2, 10

*Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) . . . . . . . . . . . 2

*Summers v. Earth Island Inst.*, 555 U.S. 488, 496, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Surrey v. TrueBeginnings, LLC* (2008) 168 Cal. App. 4th 414, 419 . . . . . . . . . . . . . . 8

*Tat Tohumculuk, A.S. v. HJ Heinz Company,* 2013 U.S. Dist. LEXIS 162592 (E.D.Cal. November 13, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States ex rel. Knapp v. Calibre Sys*., 2011 U.S. Dist. LEXIS 119589, at *14 (C.D. Cal. Oct. 17, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. AMC Entm't, Inc.,* 245 F.Supp.2d 1094, 1100 (C.D. Cal. 2003) . . . . . . . . 5

*Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007) . . . . . . . 8

*Vigil v. Leavitt*, 381 F.3d 826, 835 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) . . . . . . . . . . . . . . . . 6

*Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) . . . . . . . 3

Statutes

Civil Code § 54.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

**INTRODUCTION**

Defendant moves to dismiss all causes of action of the Complaint for lack of standing.  Strojnik, along with his son, Peter K. Strojnik, is a serial, high volume Americans with Disabilities Act plaintiff, who has filed numerous lawsuits against hotels all over California. *See  Brooke v. The Irvine Company, LLC,* 2016 U.S. Dist. LEXIS 194454 (C.D. Cal. Oct. 7, 2016) (noting that during 2016 Strojnik had filed more than 150 cases in the Central District alone). Strojnik is a lawyer of significant notoriety in Arizona who is currently suspended from the practice of law in Arizona on July 11, 2018 because of his ADA complaints.

https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/

Strojnik lacks standing to bring claims under either section of the Unruh Act on his "website accessibility" claims, since he alleges that any potential discrimination occurred when he viewed Defendant's website from his home in Maricopas County, Arizona. Complaint, ¶ 13.  As numerous cases hold, there is no extraterritorial application of the Unruh Act, and specifically no protection for out-of-state plaintiffs viewing a website from outside of California.

He fails to state a claim under the ADA for "website accessibility" as the hotel's website is not a "public accommodation" under the ADA, there is insufficient nexus between the website and any alleged discrimination, and the Department of Justice ("DOJ") interpretations of its ADA regulations clearly state that (1) alternative methods of reserving a room, such as a 24/7 telephone line are satisfactory, (2) the DOJ has revoked its proposed rule-making regarding website accessibility, and (3) has explicitly informed Congress that technical non-compliance with website regulations was never intended to be a violation of the ADA.[1]

Strojnik has never visited the hotel and therefore did not actually experience any

_____

[1]  Strojnik's claims of alleged "disability" are also suspect and by no means acknowledged as having any validity here.

alleged "barriers."  Strojnik's negligence claim fails because (1) the hotel owed no duty at all to a non-guest, (2) Strojnik did not suffer any cognizable damages by viewing a website and (3) the negligence claim is based entirely on "knowing and intentional" conduct. Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

**ARGUMENT**

**I.**
**STROJNIK LACKS STANDING OR FAILS TO STATE A CLAIM UNDER THE ADA FOR ALLEGED WEBSITE ACCESSIBILITY**

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011).  Article III standing requires that a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  Plaintiff has the burden of establishing the existence of these three elements, and must clearly allege facts demonstrating each element.  *Id*.

"To establish standing to pursue injunctive relief under the ADA, a plaintiff must also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

A.   Strojnik Cannot Show An Injury In Fact.

  1.   **Strojnik Encountered No Barrier To The Use Of Defendant's Facilities.**

An "injury in fact" must be "concrete and particularized" and "actual or imminent," not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. This includes a "requirement that a

party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). The injury in fact element is met when a disabled plaintiff has personally encountered a barrier violating the ADA. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). In his First Cause of Action, Plaintiff merely alleges that when he went to reserve an ADA-accessible room, none were available. Complaint, ¶ 21. He does not allege that he was *unable* to reserve such a room. *Id.* "To survive a motion to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location." *Gomez v. Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457, *12-13 (S.D. Fla. Feb. 2, 2017)(website did not impede use of physical facilities).

## 2. Defendant's Website Is Not A Public Accommodation.

Title III of the ADA prohibits discrimination in "public accommodations." In order to state a discrimination claim under Title III, a plaintiff must show among other things, that "the plaintiff was denied a public accommodation by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010).

The Ninth Circuit has applied the "narrow definition of 'place of public accommodation,'" holding that a "place of public accommodation" under the ADA is limited to "an actual physical place." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012) quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). *See also, Rendon v. Valleycrest Prods., Inc.*, 294 F.3d 1279, 1283-84 (11th Cir. 2002)( Congress' clear intent is that Title III of the ADA governs solely access to physical, concrete places of public accommodation).

A website is not a place of public accommodation. *Jancik v. Redbox Automated Retail, LLC*, 2014 U.S. Dist. LEXIS 67223, at 21-22 (C.D. Cal. May 14, 2014); *Anderson v. Macy's Inc.*, 2012 U.S. Dist. LEXIS 108569 at *4 (W.D. Pa. Aug. 2, 2012); ("Since a website is not a physical accommodation, the Title III claim against Macy's Online must be dismissed."); *Ouellette v. Viacom*, 2011 U.S. Dist. LEXIS 52570 at *4-5 (D. Mont. Mar. 31,

2011) (holding a website by itself is not a physical place and the plaintiff did not allege a sufficient connection between the website and a physical structure); *Access Now, Inc. v. Sw. Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) (granting defendant's motion to dismiss because plaintiff failed to establish a nexus between southwest.com and any restriction on the full enjoyment of a physical, concrete place of public accommodation). "[T]he majority of courts agree that websites are not covered by the ADA unless some function on the website hinders the full use and enjoyment of a physical space." *Gomez*, 2017 U.S. Dist. LEXIS 15457, *6-9 (S.D. Fla. Feb. 2, 2017).

As the Court stated in *Gomez*, and which is especially apt here,

> Plaintiff's grievance seems to be that Defendant's website does not provide a blind person with the same online-shopping experience as non-disabled persons. *However, the ADA does not require places of public accommodations to create full-service websites for disabled persons*. . . . All the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar store. To survive a motion to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location.

*Gomez*, 2017 U.S. Dist. LEXIS 15457, *12-13 (S.D. Fla. Feb. 2, 2017) (emphasis added).

In another similar case, *Haynes v. Genesco, Inc.*, 2018 U.S. Dist. LEXIS 5939, at *5 (S.D. Fla. Jan. 11, 2018), the plaintiff contended that the website itself is a public accommodation and an extension of Defendant's stores. "Plaintiff does not, however, allege that the partially-inaccessible website impedes his access to Defendant's physical stores. In the absence of such allegations, Plaintiff has failed to state a violation of Title III." *Id.*

Similarly, in this case, Strojnik does not allege that the website has a substantial nexus to the hotel itself, nor does he allege that he was prevented from using the Defendant's hotel because he allegedly was unable to reserve an ADA-compliant hotel room.  Strojnik was perfectly free to call the hotel, email the hotel, speak to a reservations operator or simply arrive at the hotel in person and request an ADA accessible room.  Not having an ADA-compliant hotel room available on the Defendant hotel's website is no impediment to Strojnik's use of the hotel, and his First Cause of Action therefore does not allege a violation of the ADA pursuant to Fed. R. Civ. P. 12(b)(6) and therefore fails to

1    allege an injury in fact to establish Article III standing.

2        3.    **The DOJ Has Opined That The Regulations Only Require A "Place Of
         Public Accommodation" To Provide Reasonable Alternatives.**

4        The DOJ is the agency charged with enforcing Title III and promulgating regulations

implementing it. *United States v. AMC Entm't, Inc.*, 245 F.Supp.2d 1094, 1100 (C.D. Cal.

2003).  The DOJ has stated that "covered entities with inaccessible Web sites may comply

with the ADA's requirement for access by providing an accessible alternative, such as a

staffed telephone line, for individuals to access the information, goods, and services of their

Web site." Nondiscrimination on the Basis of Disability, 75 Fed. Reg. at 43466.  *Gorecki v.*

*Dave & Buster's, Inc.*, 2017 U.S. Dist. LEXIS 187208, at *14 (C.D. Cal. Oct. 10, 2017); *see*

*also,* https://www.ada.gov/websites2.htm ("An agency with an inaccessible website may

also meet its legal obligations by providing an alternative accessible way for citizens to use

the programs or services, such as a staffed telephone information line.").

         DOJ's views "are entitled to so-called *Skidmore* deference insofar as they 'constitute

a body of experience and informed judgment to which courts and litigants may properly

resort for guidance.'" *Vigil v. Leavitt*, 381 F.3d 826, 835 (9th Cir. 2004) (quoting *Skidmore*

*v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944)); *Auer v. Robbins*,

519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997)(an agency's interpretation of its

own regulation is entitled to deference).  Interpretations contained in formats such as

opinion letters are "entitled to respect" under *Skidmore*, but only to the extent that those

interpretations have the "power to persuade." *Christensen v. Harris Cnty.*, 529 U.S. 576,

587, 120 S. Ct. 1655, 1663 (2000).  As recently as September 25, 2018, the DOJ wrote a

letter to Congress in response to a Congressional inquiry stating that

>    Absent the adoption of specific technical requirements for websites through
>    rulemaking, public accommodations have flexibility in how to comply with the
>    ADA's general requirements of nondiscrimination and effective
>    communication. Accordingly, noncompliance with a voluntary technical
>    standard for website accessibility does not necessarily indicate noncompliance
>    with the ADA.

https://www.adatitleiii.com/wp-content/uploads/sites/121/2018/10/DOJ-letter-to-congress.p

df.

Thus, even an inaccessible or only partially accessible website is not a violation of the ADA and its regulations if the defendant has provided an accessible alternative, such as a telephone reservation desk, etc., Plaintiff's First Cause of Action under the ADA based on allegedly inadequate website access therefore fails to state a claim and Plaintiff has failed to establish standing to assert his First Cause of Action.

B.    There Is No Causal Connection Between Any Alleged "Injury" And Defendant's Conduct.

Plaintiff's First Cause of Action therefore does not allege an injury that is causally related to Plaintiff's purported "injury."  Plaintiff merely claims that the website did not show any availability of ADA-compliant rooms.  However, the purported injury here is that he was unable to rent a room online.  He does not allege that he called the hotel, or availed himself of any of the alternatives to reserving a room online.  Therefore his injury is not causally related to Defendant's website at all and he cannot establish the second element of standing.[2]

## II.
## STROJNIK LACKS STANDING PURSUANT TO CALIFORNIA'S UNRUH ACT TO BRING HIS SECOND AND THRID CAUSES OF ACTION

A.    The Unruh Act Does Not Apply To Alleged Discrimination Suffered By Parties Outside California.

Strojnik is a resident of Maricopa County, Arizona. Complaint, ¶ 3.  Because he was merely viewing websites from Arizona, he suffered no actual discrimination in California. The Unruh Act only applies to "[a]ll persons within the jurisdiction of this state." Civ. Code, § 51 (emphasis added).  As the court held in *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015):

---

[2]  The First Cause of Action also suffers from the same standing defects as briefed more fully in connection with Plaintiff's structural access claims, such as (1) whether his attempt to avail himself of the goods and services of the hotel was *bona fide* and (2) whether he has a *bona fide* intention to rent a room at defendant's hotel in the future. *See Brooke v. Peterson*, 185 F. Supp. 3d 1203, 1209-10 (C.D. Cal. 2016); *Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213, 1223 (D. Ariz. 2016).

It has "limited geographic scope" and does not apply to alleged discrimination suffered by parties outside California. *Tat Tohumculuk, A.S. v. HJ Heinz Company* (2013) WL 6070483 at 7, [2013 U.S. Dist. LEXIS 162592 (E.D.Cal. November 13, 2013)] ["Plaintiff has not presented any case law, nor is the court aware of any, applying section 51 to alleged discrimination suffered by parties outside California. The Unruh Act, therefore, does not apply."]; *see also Archibald v. Cinerama Hawaiian Hotels, Inc.* (1977) 73 Cal.App.3d 152, 159.

*See also, Moore v. Greyhound Bus Lines, Inc.*, 2018 U.S. Dist. LEXIS 114661, at 4 (S.D. Cal. July 10, 2018)("jurisdiction of the [Unruh] Act is expressly limited to violations taking place in California, therefore, the 'Act does not apply to this action because the alleged discrimination occurred outside of California (in Denver, Colorado) and it is therefore outside of the extraterritorial reach of the statute.'"); *Tat Tohumculuk, A.S. v. HJ Heinz Company,* WL 6070483 at 7, 2013 U.S. Dist. LEXIS 162592 (E.D.Cal. November 13, 2013); *Keum v. Virgin Am. Inc.*, 781 F.Supp.2d 944, 955 (N.D. Cal. 2011) ("The Unruh Act only applies to discrimination that takes place within California's jurisdiction"); *Loving v. Princess Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 130477(C.D. Cal. Mar. 5, 2009), at 8 ("Plaintiffs' state law claims also do not have extraterritorial reach. It is well-settled that the Unruh Act applies only within California"). Since Strojnik only viewed the allegedly non-compliant website from Arizona, Strojnik lacks standing pursuant to the Unruh Act, which is incapable of correcting by amendment. Accordingly, the Second Cause of Action should be dismissed with prejudice.

B.   Strojnik Never Was Denied Lodging.

Standing under Civil Code § 54.3 of the DPA is established where a disabled plaintiff can show he or he actually presented himself or herself to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion. *Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1224 (2009). Thus, Strojnik must demonstrate that he *actually presented himself* to the defendant's hotel and was denied access. However, Strojnik alleges that he never went to the hotel and therefore could not have been denied access on a particular occasion.

1    "[T]he cases interpreting the Act have consistently held that an individual plaintiff

2    has standing to bring claims thereunder only if he or he has been the victim of the

3    defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC* (2008) 168 Cal. App. 4th

4    414, 419.  *Surrey* is directly on point and dispositive.

5        *Surrey* involved a plaintiff who observed a posted policy on an online dating website

6    offering free memberships only to women, but charging men for the same memberships.

7    Seeing this policy, Surrey did not purchase a membership but instead filed suit under the

8    Unruh Act.  *Id.* at 417. "Because he did not attempt to or actually subscribe to

9    TrueBeginnings's services, Surrey did not suffer discrimination in any sense other than 'in

10   the abstract. Thus, . . . he lacks standing to seek relief (whether damages or injunctive

11   relief) for violations of the [Unruh] Act and the Gender Tax Repeal Act."  *Id.* at 420.

12       In this case, as set forth in the Complaint and as in *Surrey*, Strojnik has merely

13   viewed Defendant's website, never actually visited the hotel, never called the hotel or

14   attempted to obtain lodging in any way other than view a website online nor did the

15   defendant actually deny his ADA-compliant lodging.  Complaint, ¶ 25.  Accordingly,

16   Strojnik also lacks standing pursuant to *Surrey's* "bright line" for her claims under the

17   Second and Third Causes of Action alleging "website access" claims.

18   C.    Strojnik's Second Of Action Fails To State A Claim.

19       Standing to pursue monetary relief under the DPA or the Unruh Act is different from

20   standing to seek injunctive relief under federal or state law. *See Reycraft*, 177 Cal. App.4th

21   1211 (2009). Both state statutes restrict damages recovery to situations where "the plaintiff

22   personally encountered the violation on a particular occasion, or the plaintiff was deterred

23   from accessing a place of public accommodation on a particular occasion." *Rodriguez v.*

24   *Barrita, Inc.*, 10 F.Supp. 3d 1062, 1076 (N.D. Cal. 2014).  Unlike the ADA, these statutes

25   require "something more than mere awareness of or a reasonable belief about the existence

26   of a discriminatory condition." *Id.*

27       For example, a plaintiff cannot recover damages unless the violation actually denied

28   him or her equal access to some public facility. *Urhausen v. Longs Drug Stores Cal., Inc.*,

155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations.  As the court held, under that theory,

> any disabled person could sue for statutory damages whenever he or he encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3 . . .

*Id.*

In Strojnik's Second and Third Causes of Action, Strojnik cannot allege that the purported lack of availability of an ADA-accessible room actually impaired his ability to access defendant's hotel.  *See* Complaint, ¶ 16-21.  In fact, the most that Strojnik alleges is that he attempted to reserve an ADA- accessible room online, but none were available.  *Id.* For example, he does not allege that he attempted to call the hotel, email the hotel, or any number of easily accessible alternatives to access Defendant's facilities, nor does he plausibly allege that he was actually attempting to patronize Defendant along with the other hotels that he has sued in San Franscisco area at the same time, for the same purported visit.

Since Strojnik does not allege that the lack of availability of an ADA-accessible room on his rather vague statement that "Plaintiff intended to visit the San Francisco Area" with no dates mentioned whatsoever *actually impaired* his ability to access Defendant's hotel, nor does the lack of availability of such a room on his purported dates of travel plausibly lead to the conclusion that there are no such rooms at all, Strojnik does not have either standing or state a claim under the Unruh Act pursuant to the Second Cause of Action.

### III. ### STROJNIK DOES NOT HAVE A SEPARATE CLAIM UNDER THE UNRUH ACT FOR THE IDENTICAL CONDUCT THAT IS THE BASIS OF STROJNIK'S DISABLED PERSONS ACT CLAIM

Strojnik alleges what would be either a violation of the Unruh Act, Civil Code § 51, or, for the same conduct, a violation of the more specific part of the Unruh Act commonly known as the Disabled Persons Act, Civil Code § 54 *et seq*. ("DPA").  The DPA is more

narrowly tailored to "guarantee individuals with disabilities equal access to public places . . . and services, as well as . . . housing and places of public accommodation." *Munson v. Del Taco, Inc.,* 46 Cal.4th at 674 (2009), n. 8.  The DPA similarly "specifies remedies for violations of these guarantees . . . ." *Id.*  "Recognizing the overlap between the Unruh Civil Rights Act and the Disabled Persons Act, the Legislature expressly foreclosed double recovery." *Jankey v. Lee*, 55 Cal.4th 1038, 1045, 150 Cal. Rptr. 3d 191, 290 P.3d 187 (2012); Civil Code § 54.3(c).

Well-established principles of statutory interpretation establish that the DPA, and not the general Unruh Act applies.  A specific statutory provision controls over a more general one.  *Salazar v. Eastin,* 9 Cal.4th 836, 857 (1995). "That rule obtains even though the general provision standing alone is sufficiently broad to include the subject to which the statute relates." *Schelb v. Stein,* 190 Cal.App.4th 1440, 1448 (2010).   This interpretation of the statutory scheme makes logical sense, as there is no reason that the Legislature would provide a $1,000 statutory penalty *or* a $4,000 statutory penalty *for the same act*.  By foreclosing a double recovery, the reasonable interpretation is that the more specific DPA remedy applies. Since Strojnik's claims fall within the specific provisions of the DPA, his Second and Third Causes of Action under the Unruh Act should be dismissed.

## IV.
## STROJNIK DOES NOT HAVE STANDING TO ASSERT CLAIMS UNDER THE ADA

A.   Standing Requirements Under The ADA For Any Claims.

Strojnik also lacks standing pursuant to the ADA for his claims for lack of standing for lack of an "imminent injury."  *Spokeo, Inc.*, _U.S._, p. 8, 136 S.Ct. 1540, 1548. "To establish standing to pursue injunctive relief under the ADA, a plaintiff must also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016).

B.   Strojnik Does Not Allege An "Imminent Injury."

"Strojnik's filing of so many hundreds of suits against hotels and motels over the past few years *all over California*, despite living in Arizona, calls into question [plaintiff's]

intent and ability to visit these facilities in general." *Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at 3 (N.D. Cal. Jan. 19, 2018) (issuing OSC re Standing). *See also*, *Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at 9 n.3 (C.D. Cal. Apr. 29, 2016)("Ms. Brooke alleges in every one of her many lawsuits that "in fact she will lodge" at each hotel which installs a pool lift. . . .Given the number of lawsuits he has filed, the Court views this representation with considerable skepticism."); *Brooke v. DS Hospitality, LLC,* Case No. 16-cv-06750-VC (N.D.Cal. Dec. 15, 2016) (cataloging *Brooke* cases throughout California and issuing Order to Show Cause re lack of standing).

Ordering that Ms. Brooke provide specific, concrete information about her travel plans in the recent past and the near future, the Court held:

> This information is necessary for the Court to determine plaintiff's standing in this case, in particular the "evidence of concrete travel plans" to show "that a disabled plaintiff intends to visit a facility" in near future. *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017); see also *id.* at 1100 (approving of the approach in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-37 (11th Cir. 2013).

*Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120 at 3 (N.D. Cal. Jan. 19, 2018).

In order for an ADA plaintiff to allege an injury that is imminent, he must express more than a "vague desire to return" to the accommodation's location. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009).  Absent a "firm intention to visit" the location, the plaintiff has not alleged facts "to satisfy the requirement of imminent injury[.]" *Id.*  In other words, "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that [Supreme Court] cases require." *Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at pp. 7-8 (S.D. Cal. May 5, 2016).   Far more specific allegations have been held to be insufficient.  "General statements regarding Plaintiff's intent to travel to an area . . . are insufficient to allege an 'actual and imminent' injury." *Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at *7-8 (S.D. Cal. May 5, 2016) citing *Summers*, 555 U.S. at 493.

In the ADA context, courts evaluate the possibility of *future* harm by assessing the

likelihood a plaintiff will *again* visit the premises at issue.  Courts have examined the following factors to determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing: "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at 7-8 (S.D. Cal. May 5, 2016); *see also, D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (finding actual or imminent injury sufficient to establish standing where a plaintiff demonstrated an intent to return and desire to visit the accommodation if it were made accessible with reference to specific past and future trips).

In this case, the same concerns as those expressed by the courts in the many other *Brooke* cases apply with equal force.  First, it is questionable whether Strojnik's allegations of visiting hotels in the San Francisco area are plausible. He claims that when he could not reserve a room online at Defendant's hotel, he did not even bother to find another hotel in San Francisco area.  Complaint, ¶ 25. "Deterred, Plaintiff therefore will not book a room or lodge at Defendant's hotel until it modifies its policies and procedures regarding its website," Complaint, ¶ 11; and "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG," Complaint, ¶ 12 (emphasis added).

Second, although Strojnik alleges that he intends to return and is deterred from staying at Defendant's hotel, it is again implausible. In light of the many other hotels being concurrently sued, not identifying *which* of the several hotels he is currently suing in San Francisco area at which Strojnik intends to stay falls far short of the type of evidence sufficient to establish ADA standing.

C.    Strojnik Fails To Establish That He Personally Suffered An "Injury In Fact."

Plaintiff must suffer an "injury in fact" to invoke Article III standing. However, Plaintiff did not visit Defendant's hotel nor encounter a barrier there. Without such allegations, "Plaintiff's injury is not 'particularized and concrete' . . . [or] 'actual or

1  imminent.'" *Brooke v. Peterson*, 185 F. Supp. 3d at 1210 ("Binding precedent supports that

2  under any theory of standing, including the deterrent effect doctrine, an ADA plaintiff must

3  have previously visited a noncompliant place of accommodation to have an injury-in-fact

4  under Article III."). Otherwise,

> Under this theory, a disabled person in Arizona could learn of an architectural
> barrier at a facility in Tennessee which the person has never visited and never
> plans to visit, and yet would suffer an injury-in-fact by the mere knowledge.
> Such an injury, if it could be called an injury at all, would not be concrete,
> particularized, actual, or imminent. And even if the person firmly resolved that
> he would never visit the Tennessee facility because of the barrier, any future
> injury from the barrier would be purely hypothetical.

9  *Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213,

10  1218-19 (D. Ariz. 2016).

11      "It appears that every district court in California to address whether a plaintiff who

12  has not visited the defendant hotel can have standing pursuant to the ADA" based on

13  photographs or calling the hotel has held that a plaintiff does not.  *Brooke v. Capitol*

14  *Regency LLC*, 2017 U.S. Dist. LEXIS 75428 (E.D.Cal. May 17, 2017); *Brooke v. Peterson*,

15  185 F.Supp.3d at 1207-10, 1213 (dismissing four related complaints for failure to allege an

16  injury in fact based on "call and confirm"); *Brooke v. H.P. Hospitality, LLC*,  2017 U.S.

17  Dist. LEXIS 214372 (C.D.Cal. July 11, 2017)(phone call to defendant hotel did not confer

18  standing); *Brooke v. Capitol Regency LLC*, 2017 U.S. Dist. LEXIS 75428 at *3 (E.D. Cal.

19  May 17, 2017); *Brooke v. Pacific Gateway Ltd.*, 2017 U.S. Dist. LEXIS 70957 (S.D. Cal.

20  May 9, 2017)("In sum, the Court finds Plaintiff['s] reliance on a telephone call and report of

21  an independent agent insufficient to confer standing."); *Brooke v. Newport Hotel Holding*

22  *LLC*, 2016 U.S. Dist. LEXIS 187101 (C.D. Cal. Apr. 29, 2016)(photographs taken by an

23  agent of plaintiff insufficient to confer standing). Because Strojnik's standing in this case is

24  exclusively based on allegedly visiting Defendant's hotel – which he did not do, Strojnik

25  lacks Article III standing to assert an ADA claim and the Complaint should be dismissed

26  for lack of standing.

## V.
## PLAINTIFF'S NEGLIGENCE CLAIM SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM OR FOR LACK OF SUPPLEMENTAL JURISDICTION

1  A.   There Is No Viable Negligence Claim.

2      Strojnik does not allege any violation of a duty of care that was a substantial factor in

3  causing Plaintiff's harm.  Strojnik only alleges that "Defendant had a duty to Plaintiff to

4  remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full

5  and equal access to the public accommodation."  Complaint, ¶ 48, and that "Defendant

6  breached this duty." Complaint, ¶49.  However, the violation of a statute is only evidence

7  of the standard of care, *not* the duty of care.  Strojnik must first allege that there was a duty

8  of care that was breached to state a viable negligence claim.

9      Second, Strojnik repeatedly alleges that Defendant's conduct in failing to remove the

10  "ADA accessibility barriers" was "knowing and intentional." Complaint, ¶¶ 55, 57.

11  Intentional conduct cannot support a claim of negligence.  *United States ex rel. Knapp v.*

12  *Calibre Sys*., 2011 U.S. Dist. LEXIS 119589, at *14 (C.D. Cal. Oct. 17, 2011); *Monaghan*

13  *v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900, at *26 (E.D. Cal. Feb. 6,

14  2012).

15      Third, Strojnik cannot demonstrate that he has personally suffered any harm from the

16  alleged failure to remove any hypothetical barriers *because he never went to the hotel* and

17  never even tried to rent a room.  Therefore, he is no more than a stranger in another state to

18  whom this Defendant owes *no* duty of care, and who could not have suffered any harm.

19  B.   Negligence Cannot Be Based On The ADA.

20      Even assuming that Strojnik had stated a negligence claim, the ADA does not

21  establish the applicable standard of care.  "Whether a particular statute, administrative

22  regulation or local ordinance is utilized to define the standard of care in a negligence action

23  is clearly a question of law to be determined exclusively by the court." *Westbrook v. DTG*

24  *Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007).  Under

25  either the ADA or the Unruh Act, there are no accessibility guidelines that if not met are

26  per se unreasonable or that constitutes a per se barrier under the ADA Guidelines.  *Guerra*

27  *v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018).  The

28  ADA does not fall under the class of statutes that serve as a predicate for negligence per se.

1  *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb.
2  28, 2007)(applying Nevada law); *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954,
3  964 (W.D. Tenn. 1995)(finding that Title VII is not the type of law encompassed under
4  negligence per se because such claims may be supported only by statutes and regulations
5  relating to public safety, such as health regulations and rules of the road.). "[n]ot every
6  infraction of a statute will result in civil liability." *Urhausen v. Longs Drug Stores Cal.,*
7  *Inc.*, 155 Cal. App. 4th 254, 267 (2007).

8      In light of Plaintiff's failure to establish that Defendant has denied him access to
9  Defendant's facilities or that he even has a viable "structural accessibility" claim pursuant
10  to the ADA, Plaintiff has not sufficiently alleged that Defendant was negligent and the
11  Fourth Cause of Action should be dismissed with prejudice. *Guerra v. W. L.A. Coll.*, 2018
12  U.S. Dist. LEXIS 141029, at *34-35 (C.D. Cal. Aug. 20, 2018).

13  C.    <u>Plaintiff's Request For Punitive Damages Should Be Stricken.</u>

14      In connection with her Sixteenth Cause of Action, Strojnik seeks punitive damages.
15  Punitive damages are not available for negligence.  Complaint, ¶ 66.  For any cause of
16  action, "punitive damages are allowed only upon a showing of "oppression, fraud, or
17  malice." Civ. Code, § 3294.  Negligence, even if gross or reckless, cannot justify punitive
18  damages. *Krusi v. Bear, Stearns & Co.,*144 Cal.App.3d 664, 679 (1983); *Lee v. Bank of*
19  *Am.*, 218 Cal. App. 3d 914, 920 (1990).

20                              **CONCLUSION**

21      For the foregoing reasons, Defendant requests that this Court grant its Motion to
22  Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and
23  without leave to amend.

24                              Respectfully Submitted,

25                              STILLMAN & ASSOCIATES

26

27  Dated: March 28, 2019        By:_____
                                        Philip H. Stillman, Esq.
28                              Attorneys for defendant 574 ESCUELA, LLC

**PROOF OF SERVICE**

     I, the undersigned, certify under penalty of perjury that on March 29, 2019 or as soon as possible thereafter, copies of the foregoing Motion to Dismiss and Memorandum of Points and Authorities was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same.


By: */s/ Philip H. Stillman*
      Attorneys for 574 ESCUELA, LLC